Afshin Afsharimehr
BLACKMORE LAW PLC
2828 N. Central Ave
10th Floor
Phoenix, AZ 85004
Arizona State Bar No. 031107
Fax: 855-744-4419
E-Mail: afshin@blackmorelawplc.com
Telephone: 602-562-0996
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daimeon Mosley,<br><br>        Plaintiff,<br><br>v.<br><br>Smith's Food & Drug Centers, Inc., an Ohio corporation,<br><br>        Defendant. | No.<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

Plaintiff Daimeon Mosley, through his undersigned counsel, states the following in support of his Complaint for Declaratory and Injunctive Relief to remedy discrimination by Smith's Food & Drug Centers, Inc. based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

1

2. Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

**PARTIES**

3. Plaintiff is a resident of Maricopa County, Arizona.

4. Defendant is a corporation with its registered office located at 50 West Broad Street, Suite 1330, Columbus, OH 43215.

5. Upon information and belief, Defendant owns or operates "Fry's" an area grocery store whose locations each qualify as a "Facility" as defined in 28 C.F.R. § 36.104.

**FACTUAL ALLEGATIONS**

6. Plaintiff incorporates the above paragraphs by reference.

7. Plaintiff is an individual with numerous physical impairments, including permanent paralysis, degenerative discs, and scoliosis caused by the West Nile Virus.

8. These impairments cause Plaintiff to suffer from sudden onsets of severe pain, experience seizures, and require Plaintiff to use a mobility device.

9. Plaintiff's impairments limit major life activities, including walking, standing, reaching, lifting, and bending.

10. Plaintiff's impairments meet the definition of a "disability" under the ADA.

11. Plaintiff's impairments are permanent and were present at all times relevant to this action.

12. Plaintiff regularly shops at Defendant's stores in Phoenix and its surrounding cities for personal needs and to occasionally fill prescriptions based on which location is most convenient to him.

13. Plaintiff encountered barriers to access at five of Defendant's stores over approximately a two-week period, primarily in each of the store's restroom(s).

14. Encountering these barriers denied Plaintiff full and equal access and enjoyment of the services, goods, and amenities Defendant offers to the public because he was unable to access the restroom safely.

15. Plaintiff is a customer of Defendant and would return to the stores if Defendant modifies the stores and its policies and practices to accommodate individuals who have physical disabilities, but he is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures.

16. Plaintiff also acts as a tester by inspecting Facilities for accessibility to advance the purpose of the ADA, the civil rights of disabled individuals, and to be certain that he can enjoy the same options and privileges to patronize places of public accommodation as non-disabled individuals without worrying about accessibility issues.

17. Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

**COUNT I**
**REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201**

18. Plaintiff incorporates the above paragraphs by reference.

19. This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (2) Defendant's violation of 42 U.S.C. § 12182; and (3) Plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

20. Plaintiff seeks an order declaring that he was discriminated against on the basis of his disability.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

21. Plaintiff incorporates the above paragraphs by reference.

22. Fry's is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a store. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

23. Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

24. The ADA specifically prohibits discrimination based on an individuals disability. 42 U.S.C. §12182(a).

25. The presence of architectural barriers in a place of public accommodation (where removal is readily achievable) is specifically defined as discrimination under the ADA. 42 U.S.C. §12182(b)(2)(A)(iv).

26. The implementing regulations of the ADA adopted guidelines to set minimum requirements for facilities to be accessible and usable by individuals with disabilities. 28 C.F.R. Appendix A to Part 36.

27. The current guidelines for elements in existing facilities are set out in the 2010 ADA Standards for Accessible Design (the "Standards"). 28 C.F.R. § 36.406

28. Defendant is responsible for ensuring that elements in its Facilities meet the requirements of the Standards or meet the "safe harbor" requirements specified in 28 C.F.R. § 36.304(d)(2).

29. Architectural barriers exist which denied Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

30. Plaintiff personally encountered architectural barriers on April 1, 2020, at the Facility located at 4842 E Bell Rd, Scottsdale, AZ 85254:

    a. Restroom:

        i. Not providing bilateral handrails on a ramp that has a rise greater than 6 inches (or in a horizontal projection greater than 72 inches) required by sections 405, 405.1, 405.8, 505 of the Standards, or section 4.8.5 of the 1991 Standards.

        ii. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

      iii. Not providing the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop as required by sections 606 and 606.5 of the Standards.

      iv. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall as required by sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards.

      v. Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor as required by sections 604, 604.7 and 309.4 of the Standards.

      vi. Not providing a dispenser in an accessible position (back wall or other inaccessible place) as required by sections 606, 606.1, 308 and 308.2.2 of the Standards.

      vii. Not providing a mirror above lavatories or countertops at the proper height above the finished floor as required by sections 603 and 603.3 of the Standards.

      viii. Not providing the water closet in the proper position relative to the side wall or partition as required by sections 604 and 604.2 of the Standards.

31. Plaintiff personally encountered architectural barriers on April 3, 2020, at the Facility located at 1311 Bell Rd, Phoenix, AZ 85022:

    a. Restroom:

      i. Not providing bilateral handrails on a ramp that has a rise greater than 6 inches (or in a horizontal projection greater than 72 inches) required by sections 405, 405.1, 405.8, 505 of the Standards, or section 4.8.5 of the 1991 Standards.

      ii. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

      iii. Not providing a urinal designed where the rim height is no more than 17 inches from the finished floor as required by sections 605 and 605.2 of the Standards.

      iv. Not providing the proper spacing between a grab bar and an object projecting out of the wall as required by sections 609, 609.1 and 609.3 of the Standards.

      v. Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor as required by sections 604, 604.7 and 309.4 of the Standards.

      vi. Not providing a dispenser in an accessible position (back wall or other inaccessible place) as required by sections 606, 606.1, 308 and 308.2.2 of the Standards.

32. Plaintiff personally encountered architectural barriers on April 3, 2020, at the Facility located at 1815 W Glendale Ave, Phoenix, AZ 85021:

    a. Restroom:

i. Not providing a urinal designed where the rim height is no more than 17 inches from the finished floor as required by sections 605 and 605.2 of the Standards.

ii. Not providing the proper spacing between a grab bar and an object projecting out of the wall as required by sections 609, 609.1 and 609.3 of the Standards.

iii. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall as required by sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards.

iv. Not providing soap dispenser at the correct height above the finished floor as required by sections 606, 606.1 and 308 of the Standards.

v. Not providing paper towel dispenser at the correct height above the finished floor as required by sections 606, 606.1 and 308 of the Standards.

vi. Not providing the water closet in the proper position relative to the side wall or partition as required by sections 604 and 604.2 of the Standards.

33. Plaintiff personally encountered architectural barriers on April 6, 2020, at the Facility located at 8900 E Via Linda, Scottsdale, AZ 85258:

a. Restroom:

       i. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall as required by sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards.

       ii. Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor as required by sections 604, 604.7 and 309.4 of the Standards.

       iii. Not providing a mirror above lavatories or countertops at the proper height above the finished floor as required by sections 603 and 603.3 of the Standards.

       iv. Not providing soap dispenser at the correct height above the finished floor as required by sections 606, 606.1 and 308 of the Standards.

Not providing the water closet in the proper position relative to the side wall or partition as required by sections 604 and 604.2 of the Standards.

34. Plaintiff personally encountered architectural barriers on April 10, 2020, at the Facility located at 3246 E Bell Rd, Phoenix, AZ 85032:

  a. Restroom:

       i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

       ii. Not providing the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop as required by sections 606 and 606.5 of the Standards.

9

1         iii. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall as required by sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards.

        iv. Not providing the proper spacing between a grab bar and an object projecting out of the wall as required by sections 609, 609.1 and 609.3 of the Standards.

        v. Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor as required by sections 604, 604.7 and 309.4 of the Standards.

        vi. Not providing the water closet in the proper position relative to the side wall or partition as required by sections 604 and 604.2 of the Standards.

35. These barriers cause Plaintiff embarrassment and fear because he cannot safely use elements of each store due to the risk of aggravating his injuries.

36. Upon information and belief, Defendant has failed to remove some or all of the barriers and violations at the stores.

37. Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the stores in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

38. Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in

the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

39. Defendant has discriminated and continues to discriminate against Plaintiff (and others who are similarly situated) by denying access to full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations located at the stores due to the barriers and other violations listed in this Complaint.

40. It would be readily achievable for Defendant to remove all of the barriers at the stores.

41. Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. declare that the Facility identified in this Complaint is in violation of the ADA;

B. enter an Order requiring Defendant make the Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

D. award Plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

E. grant any other such relief as the Court deems just and proper.

1
2          Respectfully Submitted,
3          BLACKMORE LAW PLC
4          By: /s/ Afshin Afsharimehr
5          Afshin Afsharimehr
6          *Attorney for Plaintiff*
7
8
9   Dated: October 5, 2020